IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 3:15-MJ-3093 DGW |
| | ) |
| MALCOLM K. LEE, SR., | ) |
| | ) |
| Defendant. | ) |

**ORDER**

**WILKERSON, Magistrate Judge:**

Before the Court are the Motion for Production of Brady/Giglio Materials (Doc. 20), the Motion for Rule 16 Discovery and Motion to Preserve Evidence Subject to Destruction (Doc. 21), and the Motion to Disclose Identity of Alleged Victim and to Produce and/or Preserve Reports of Interviews (Doc. 22) all filed by Defendant, Malcolm K. Lee, Sr.  The United States has to Defendant's Motion for Production of Brady/Giglio Materials (Doc. 23). Defendant' Motions are **DENIED WITHOUT PREDJUDICE**; however, the Court enters an **ORDER** regarding discovery.

DISCUSSION

Defendant's Motion for Production of Brady/Giglio Materials (Doc. 20) seeks a Court Order directing the government to disclose any documents, materials and information in its possession or control pursuant to Federal  Rule of Criminal Procedure 12(d)(2), *Brady v. Maryland*, 373 U.S. 83 (1967), *Giglio v. United States*, 405 U.S. 150 (1973), and *Kyles v. Whitley*, 514 U.S. 419 (1995).  Specifically, Defendant asks the Court to accelerate the discovery process and require the government to produce discovery at the earliest reasonable time.  Additionally, Defendant requests the Court to enter an order compelling the government to take steps to preserve video or audio statements related to the case, investigative or interview notes or any other items that Defendant has requested.  Defendant's

motion contains some boilerplate that was tailored to his specific case. The United States responds that the Court should strike Defendant's motion because the Court's standard Order for Pretrial Discovery is usually entered after arraignment. That Order requires the parties engage in good faith efforts to resolve discovery disputes before seeking an order of the Court. The United States argues that because the Defendant is charged by complaint and no arraignment is currently scheduled, he is premature in requesting discovery. The Court disagrees. While the United States has filed no specific response to the two remaining motions, the Court will apply its response (Doc. 23) to these motions as well.

The issue before the Court is not whether the United States must produce discovery, but rather *when* that production will occur. In addition to its Constitutional duty to disclose information favorable to the accused, the government is required by Rules 12.1, 16, and 26.2 of the Federal Rules of Criminal Procedure to disclose other information upon the defendant's request. In the case at bar, Defendant Lee has been charged with serious federal crimes by way of criminal complaint. There has been a finding of probable cause and he has been detained pending trial. He sits in jail. His counsel at this stage of the proceedings requests discovery. Defendant Lee should be entitled to begin to mount a defense to charges that could land him in jail for many years. While it is the Court's standard procedure to enter an order of discovery after an arraignment, a defendant charged by a criminal complaint has the right to discovery at *this* critical stage of the proceedings. Although Defendant's Motions are **DENIED WITHOUT PREJUDICE**, the Court hereby **ORDERS** the following:

## PRE-TRIAL DISCOVERY AND MOTION PRACTICE

(1) Within **7 days** of this **ORDER** the United States Attorney and the Defendant's attorney shall confer, and each shall comply with the provisions of Federal Rule of Criminal Procedure 16 regarding disclosure of evidence.

(2) A declination of any requested disclosure shall be in writing, directed to opposing counsel, and signed personally by the attorney representing the declining party. It shall specify the types of disclosure that are declined. Any party seeking to challenge the declination shall proceed pursuant to subsection (3) below.

(3) If additional discovery is sought, the party seeking it shall confer with opposing counsel within **14 days** of this **ORDER** and attempt to satisfy these requests in a cooperative atmosphere without involvement by the Court. The request may be oral or written, and the opposing counsel shall respond in like manner.

(4) If no agreement is reached regarding the additional discovery, a motion shall be filed within **28 days** of this **ORDER** and supported by a memorandum of law. The motion shall contain:

    (a) a statement that the prescribed conference was held;

    (b) the date of the conference;

    (c) the name of the attorneys participating in the conference; and

    (d) a statement that agreement could not be reached concerning the discovery that is the subject of a motion.

(5) If a party desires to file any other motion, **including a motion to dismiss a pending indictment or a motion to suppress,** the motion shall be filed within **21 days** of an arraignment and supported by a memorandum of law. The opposing party

shall file a response within 14 days of the date the motion was filed, unless otherwise ordered by the court.

## CONCLUSION

For the aforementioned reasons, the Motion for Production of Brady/Giglio Materials (Doc. 20), the Motion for Rule 16 Discovery and Motion to Preserve Evidence Subject to Destruction (Doc. 21), and the Motion to Disclose Identity of Alleged Victim and to Produce and/or Preserve Reports of Interviews (Doc. 22) are **DENIED WITHOUT PREDJUDICE**. The parties are to be guided by this Order regarding pre-trial discovery.

**IT IS SO ORDERED**

**DATED: August 20, 2015**

**DONALD G. WILKERSON**
**United States Magistrate Judge**